UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA BLAKE BENSINGER,<br>Petitioner,<br>v.<br>KAREN ARNOLD,<br>Respondent. | CASE NO. 3:26-cv-05626-RSL-DWC<br><br>ORDER TO CLARIFY OR AMEND |

This 28 U.S.C. § 2254 habeas action has been referred to United States Magistrate Judge David W. Christel. Having reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court concludes the grounds for relief Petitioner intends to pursue in this action must be clarified before he may proceed according to the instructions below on or before August 21, 2026.

## I. DISCUSSION

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive

grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Petitioner expressly asserts three grounds for federal habeas relief: (1) an invalid jury waiver in violation of the Sixth Amendment, Dkt. 3 at 5–7; (2) denial of the right to present a defense under the Sixth Amendment based on the exclusion of evidence, *id.* at 7–8; and (3) ineffective assistance of counsel under the Sixth Amendment, *id.* at 8–9. However, in response to a question in the petition regarding other proceedings challenging the judgment, Petitioner also references an insufficient evidence claim under the Fourteenth Amendment that is currently pending in a personal restraint petition. *Id.* at 12. It is unclear whether Petitioner also intends to pursue that insufficient evidence claim as an additional ground for federal habeas relief in this action or merely identifies it as a claim currently pending in state court.

Rule 2(c) of the Habeas Rules requires a petitioner to "specify all the grounds for relief available to the petitioner." Because the petition is unclear as to whether Petitioner intends to pursue the Fourteenth Amendment insufficient evidence claim in this action, the Court cannot determine the full scope of the petition and assess whether each ground Petitioner intends to raise

is specifically stated as required by Rule 2(c). Accordingly, before directing service of the petition, the Court requires Petitioner to clarify the claims he intends to pursue in this action.

## II. INSTRUCTIONS TO PETITIONER

For the reasons stated, Petitioner is directed to accomplish one of the following on or before August 21, 2026:

a. File a statement notifying the Court that Petitioner intends to pursue only the three grounds for relief expressly set forth in the petition and does not seek to assert the Fourteenth Amendment insufficient evidence claim in this action; or

b. File an amended petition that specifically states all grounds for federal habeas relief Petitioner intends to pursue in this action.

Failure to accomplish one of the above by the stated deadline will be considered a failure to properly prosecute this action and may result in a recommendation that this action be dismissed.

The Clerk of Court is directed to send Petitioner a copy of the standard form for § 2254 petitions along with a copy of this order.

Dated this 22nd day of July, 2026.

David W. Christel
United States Magistrate Judge